# COMMONWEALTH OF VIRGINIA



**SUMMONS – CIVIL ACTION**
RULE 3:5; VA. CODE § 8.01-2

Case No. CL21-383

_Wise County_ ............................................. Circuit Court
_Main Street_
ADDRESS

TO:
_Stacy A. Carson_

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

_9-13-2021_
DATE

J. Jack Kennedy, Jr., Clerk _____ Clerk

by _____
DEPUTY CLERK

Instructions: _____

Hearing Official: _____

FORM CC-1400 MASTER 10/13

VIRGINIA:         IN THE CIRCUIT COURT OF WISE COUNTY

TIMOTHY W. McAFEE                                              PLAINTIFF

vs.   Case No.:CL 2021-383:  TRIAL BY JURY IS DEMANDED

CLIFTON CAUTHORNE
MARLEY GREEN
SUSAN DOWNS-FREEMAN
STACEY A. CARSON
TOWN OF POUND                                                  DEFENDANTS

## PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW, the Plaintiff, by Counsel, and submits the following 2nd Amended Complaint seeking compensatory damages, punitive damages, declaratory judgment relief, breach of contract damages and tortious interference with attorney client relationship, based upon the following facts:

1. At all times relevant to this proceeding, the unlawful actions of the Defendants occurred in Wise County.
2. The Plaintiff is a citizen of Wise County.
3. The Town of Pound is a chartered municipality in the Commonwealth of Virginia.
4. At all times relevant to this proceeding, Cauthorne, Green and Freeman served as members of the Town of Pound Council.
5. At all times relevant to this proceeding, Carson served as the Mayor of the Town of Pound.
6. Pursuant to the Town Charter, the Town of Pound may choose to enter into an agreement with a member of the Virginia

Page 1 of 11

Bar for a specific term, and such an appointment is not an "at the will of the Town Council" appointment.

7. In July 2018, the Town of Pound and the Plaintiff agreed that the Plaintiff would serve as the Town Attorney for a specific term of 6 years.

8. Pursuant to that agreement to serve a 6 year term, Plaintiff complied with that agreement until March 2021 when the Town violated that agreement.

9. Prior to March 2021, Cauthorne unlawfully and tortiously interfered with the Plaintiff's attorney client relationship with the Town, by actively soliciting another attorney to replace the Plaintiff.

10. Cauthorne was motivated by ill will directed toward the Plaintiff.

11. On many occasions, the Plaintiff was required pursuant to his duties to the Town of Pound, and not just to a single member of the Town of Pound Council, to correct Cauthorne on legal matters and criticize his conduct as a member of the Town Council.

12. On or about September 2020 through October 2020, Carson falsely accused the Town Clerk of violating the Virginia Freedom of Information Act, and she publicly encouraged the public to sue the Clerk for this baseless allegation.

13. As a direct result of this inappropriate encouragement, a FOIA violation Petition was filed by the paramour of the Mayor, David Gent.

14. Despite the bad faith basis for the petition and after being fully informed of the bad faith of the Petition, Cauthorne continued to support the Petition by attending the trial and offering testimony to support the Petition.

15. The result of the Petition was a dismissal.

16. Subsequent to the Final Order of dismissal, Cauthorne continued to provide false statements to the public about the result of the FOIA litigation, which the Plaintiff had to openly correct Cauthorne.

17. Plaintiff criticized Cauthorne and Carson openly for acting contrary to the best interests of the Town, and subjecting the Town to the potential for the payment of additional expenses.

18. Plaintiff has publicly criticized Carson for her abuse of position as Mayor.

19. Plaintiff's criticism of Cauthorne and Carson is a form of speech that is protected by the First Amendment of the United States Constitution.

20. From July 2020 through June 2021, Carson has served as the Mayor of the Town of Pound, and her service has resulted in a public outcry for her removal. Her conduct has

...
...
...

demonstrated an obvious abuse of her authority, incompetence, and misuse of her office, all to the detriment of the Town.

21. Carson's misbehavior has been the subject of public comments that are critical of Carson, including comments by the Plaintiff and others.

22. Carson's behavior has been reported in the local news media.

23. Citizens have complained about Carson during the public comment portion of Town Council Meetings.

24. In December 2020, a Petition for Removal of Carson was filed. *See Attached Petition.*

25. Cauthorne and Carson are political allies.

26. Plaintiff was identified as a material witness against Carson.

27. After the Petition for Removal was filed, the newspaper publicly reported that the Plaintiff said the allegations against Carson were accurate.

28. On February 25, 2021, Plaintiff was deposed in the Petition for Removal action, and testified to the effect that Carson's actions warranted removal from office.

29. Cauthorne and Carson became aware that Plaintiff had some involvement with the Petition for Removal of Carson.

30. Plaintiff's speech about the abuse of authority by Carson and her incompetence is protected by the First Amendment of the United States Constitution.

31. The Constitutional Right to speak publicly about matters of public concern is a well-established Constitutional Right that has existed for decades prior to March 2021.

32. In February 2021, acting maliciously and vindictively, Cauthorne proposed that the Town terminate the attorney client relationship of the Plaintiff and hire a new attorney for the Town.

33. Plaintiff publicly questioned Cauthorne about this request and Cauthorne refused to provide any answers to the relevant questions. The Motion was tabled and rescheduled for a date during the first week of March 2021.

34. In February 2021, a vacancy occurred on the Town Council, which required a majority of the Town Council to fill, if possible, within 45 days. This procedural requirement is found in the Town's Charter and the Code of Virginia

35. The remaining members of the Town Council were unable to select a replacement.

36. Plaintiff advised the remaining members of council and Carson that if the remaining members of council were unable to select a replacement by a majority vote, then a request for a replacement must be submitted to the Circuit Court

Judges, and the Mayor was not permitted to cast the deciding vote.

37. On March 2, 2021, the remaining members of Council were unable to select a replacement, and in derogation of the legal advice of the Plaintiff, Carson cast a vote to have Freeman serve as the replacement council member.

38. The actions of Carson, Cauthorne and Green in selecting Freeman were illegal and unlawful, And were done knowing that they were in violation of law.

39. Upon Freeman being illegally selected as a member of Council, Cauthorne requested that the Town terminate the Plaintiff and hire a new attorney as the Town Attorney, and cited as one of his reasons the actions of the Plaintiff in criticizing the Mayor for her abuse of authority. The Motion passed with the following persons voting in favor of the Motion: Cauthorne, Green and Freeman.

40. The actions by Cauthorne, Green and Freeman in voting to replace the Plaintiff violated the contractual term of 6 years, and as a result of that breach, Plaintiff has sustained economic damages.

41. Cauthorne intentionally and maliciously interfered with the Plaintiff's attorney client relationship with the Town of Pound by soliciting another attorney to be the attorney for the Town.

42. Cauthorne, Green, Freeman and Carson violated the Plaintiff's First Amendment Rights in terminating the Plaintiff's attorney client relationship with the Town of Pound.

43. In retaliation for the filing of the Plaintiff's Complaint, on March 16, 2021, Cauthorne sought to eliminate the Plaintiff as a law enforcement officer. His attempt failed.

44. The actions by Cauthorne on March 16, 2021, is indicative of his malice toward the Plaintiff, and indicative of his intent to retaliate against the Plaintiff for exercising his Constitutional Rights.

## COUNT 1: 42 USC §1983 COMPLAINT

45. The allegations of fact recited above in Paragraphs 1-39 are incorporated by reference into this Count.

46. The unconstitutional actions by Cauthorne, Green, Freeman and Carson violated the Plaintiff's First Amendment Rights and are actionable pursuant to 42 USC §1983.

47. Plaintiff exercised his First Amendment Rights to free speech on a matter of public concern.

48. Cauthorne, Green, Freeman and Carson retaliated against the Plaintiff, and did so intentionally.

49. Plaintiff has sustained legal damages that are compensable pursuant to 42 USC §1983.

50. Cauthorne, Green, Freeman and Carson acted in conscious and reckless disregard to the Plaintiff's First Amendment Rights, and the Plaintiff is entitled to punitive damages against Cauthorne, Green, Freeman and Carson in the amount of $300,000 each.

51. Plaintiff is entitled to attorney's fees pursuant to 42 USC §1988.

### COUNT 2: DECLARATORY JUDGMENT ACTION

52. The allegations of fact recited above in Paragraphs 1-39 are incorporated by reference into this Count.

53. The unconstitutional actions by Cauthorne, Green, Freeman and Carson violated the Plaintiff's First Amendment Rights and are actionable pursuant to 42 USC §1983.

54. Plaintiff exercised his First Amendment Rights to free speech on a matter of public concern.

55. Cauthorne, Green, Freeman and Carson retaliated against the Plaintiff, and did so intentionally.

56. Plaintiff has sustained legal damages that are compensable pursuant to 42 USC §1983.

### COUNT 3: TORTIOUS INTERFERENCE WITH CONTRACT

57. The allegations of fact recited above in Paragraphs 1-39 are incorporated by reference into this Count.

58. Cauthorne, Green, Freeman and Carson tortiously interfered with the attorney client relationship between the Plaintiff and the Town of Pound.

59. As a proximate cause of this tortious interference with the with the attorney client relationship between the Plaintiff and the Town of Pound, Plaintiff has sustained compensable damages.

60. Cauthorne, Green, Freeman and Carson acted in conscious and reckless disregard to the Plaintiff's rights, and the Plaintiff is entitled to punitive damages against Cauthorne, Green, Freeman and Carson in the amount of $50,000 each.

### COUNT 4: BREACH OF TERM CONTRACT

61. The allegations of fact recited above in Paragraphs 1-39. are incorporated by reference into this Count.

62. The Town of Pound violated the term contract with the Plaintiff.

63. Plaintiff has sustained legal damages as a proximate cause of the breach of contract by the Town of Pound, in the amount of $20,000.00

WHEREFORE, the Plaintiff prays that this Honorable Court grant the following relief:

A. Enter a declaratory judgment that adjudicates that the Defendants violated the Plaintiff's First Amendment Rights;

B. Enter a judgment against Cauthorne, Green, Freeman and Carson in the amount of $250,000 for violations of the Plaintiff's First Amendment Rights;

C. Enter a judgment against Cauthorne, Green, Freeman and Carson in the amount of $15,000 for their tortious interference with Plaintiff's attorney client relationship;

D. Enter a judgment against the Town of Pound in the amount of $20,000 for their breach of contract;

E. Award attorney's fees pursuant to pursuant to 42 USC §1988;

F. Enter a judgment for punitive damages against Cauthorne, Green, Freeman and Carson in the amount of $350,000 each;

G. Award pre-judgment interest from March 12, 2021;

H. Jury Trial is demanded;

I. Enter all such Orders and grant all such relief as justice and equity demand.

Respectfully submitted,

TIMOTHY W. McAFEE
BY COUNSEL

/s/ Richard D. Kennedy
Richard D. Kennedy
Kennedy Law Office
Virginia State Bar Number: 32883
Attorney for **Timothy W. McAfee**
P.O. Box 357
Wise, VA 24293
276-328-0918
276-679-2112 [Fax]
skwiselaw2@hotmail.com