# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **TIMOTHY W. McAFEE,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:21CV00033 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **CLIFTON CAUTHORNE, ET AL.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants. ) | |

*Richard D. Kennedy*, KENNEDY LAW OFFICE, Wise, Virginia, for Plaintiff; *Jeremy E. Carroll, Julian F. Harf, and Emily Stubblefield*, GUYNN, WADDELL, CARROLL & LOCKABY, P.C., Salem, Virginia, for Defendant Stacy A. Carson.

In this action removed from state court pursuant to the court's federal question subject-matter jurisdiction, one of the defendants, Stacy A. Carson, has moved to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. No response has been timely filed by the plaintiff, and the motion is thus ripe for determination.

I.

The plaintiff, an attorney, contends in this action that his federal constitutional right to free speech was violated by the defendants Town of Pound, Virginia, three members of the Town Council, and Mayor Carson. He contends that he was hired for a six-year term as the Town Attorney. He alleges that after he publicly criticized Mayor Carson and a Town Council member, Clifton Cauthorne, in connection with

their services as public officials, the Town Council, in retaliation, terminated his employment as Town Attorney. The plaintiff seeks damages under 42 U.S.C. § 1983, as well as under state law for breach of the employment contract and for tortious interference with that contract.

In her Motion to Dismiss, Mayor Carson contends that she is entitled to legislative immunity. It is also argued that on the merits that there is no allegation made against her in support of her liability other than that she earlier cast the deciding vote to fill a vacancy on the Council with a person who later voted to terminate the plaintiff. It is conceded in the Second Amended Complaint that Mayor Carson did not vote on the question of the termination of the plaintiff.

II.

A district court should dismiss a complaint under Rule 12(b)(6) if, accepting all well-pleaded allegations in the complaint as true and drawing all reasonable factual inferences in the plaintiff's favor, the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

Aside from the question of immunity, the facts alleged against defendant Carson do not support relief against her on any of the claims made.  The fact that the plaintiff spoke against her activities is not connected by a sufficient factual basis to his later termination.  Moreover, there is no factual allegation or principle of law relied upon that would make her liable for the Town's alleged breach of contract or with wrongful interference with that contract.

### III.

For the reasons stated, it is **ORDERED** that the Motion to Dismiss, ECF No. 5, is GRANTED, and the action is DISMISSED solely as to defendant Stacy A. Carson.  The Clerk shall terminate this defendant as a party to the case.

ENTER: October 22, 2021

/s/  JAMES P. JONES
Senior United States District Judge